UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT SMITH, JR.,

    Plaintiff,

v.

JODI ROBIN,

    Defendant.

CASE NO. C05-280JLR

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff is a state prisoner who is currently incarcerated at the Washington State Reformatory ("WSR") in Monroe, Washington. Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he alleges that a WSR staff member, Jodi Robin, failed to protect him from an assault by another inmate. The incident in question occurred in the WSR law library in January 2005.

In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff alleges in his complaint that defendant violated his

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO AMEND - 1

rights under the Eighth Amendment. However, plaintiff fails to allege sufficient facts to support such a claim.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This duty includes taking reasonable measures to guarantee the safety of inmates. *Id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Plaintiff alleges in his complaint only that defendant was working in the law library at the time plaintiff was assaulted by another inmate. He fails to allege any facts which would indicate that defendant knew of and disregarded an excessive risk to plaintiff's health or safety. As plaintiff has failed to allege sufficient facts to support an Eighth Amendment claim, this Court declines to order that plaintiff's complaint be served on defendant at the present time. The Court will,

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO AMEND - 2

however, grant plaintiff an opportunity to amend his complaint to allege additional facts to support his claim against defendant.

Based upon the foregoing, the Court does hereby ORDER as follows:

(1)  Plaintiff may file an amended complaint within *thirty (30) days* of the date on which this Order is signed.  The amended complaint must carry the same case number as this one.  If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(2)  Plaintiff is advised that his motion for temporary restraining order/preliminary injunction will be placed on the Court's calendar for consideration only if he submits a serviceable amended complaint to the Court.

(3)  The Clerk shall send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk shall also send copies of this Order, and of the General Order, to plaintiff and to the Honorable James P. Donohue.

DATED this 27th of April, 2005.

/s/  JAMES P. DONOHUE
United States Magistrate Judge

ORDER DECLINING TO SERVE AND
GRANTING LEAVE TO AMEND - 3