UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. C05-0280-JLR |
| ) | |
| v. ) | |
| ) | |
| JODI ROBIN, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR APPOINTMENT |
| Defendant. ) | OF COUNSEL |
| ) | |

This matter comes before the Court on plaintiff's motion for appointment of counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, does hereby find and ORDER:

(1) Plaintiff's motion for appointment of counsel (Dkt. No. 15) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL
PAGE - 1

requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

    Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

    (2)    The Clerk shall send copies of this Order to plaintiff and to the Honorable James L. Robart.

    DATED this 3rd day of August, 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL
PAGE - 2