UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SMITH, JR., | ) |
| Plaintiff, | ) Case No. C05–280-JLR |
| v. | ) |
| JODI ROBIN, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Robert Smith is a state prisoner who is incarcerated at the Washington State Reformatory Unit of the Monroe Correctional Complex ("WSRU/MCC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that defendant Jodi Robin, a law librarian at WSRU/MCC, violated his federal constitutional rights when she failed to protect him from an assault by another inmate. Plaintiff has also filed a motion for preliminary injunctive relief which is now before the Court for review. Defendant has filed a response in opposition to plaintiff's motion for injunctive relief. This Court, having reviewed plaintiff's motion for preliminary injunctive relief, and the balance of the record, concludes that plaintiff's motion should be denied.

## DISCUSSION

Plaintiff asserts in his motion for preliminary injunctive relief, that defendant Robin, and inmate employees of the law library, have discriminated against him and have denied him access to

REPORT AND RECOMMENDATION
PAGE - 1

1  law library materials.  (*See* Dkt. No. 12.)  While it is not entirely clear from the motion, it appears
2  that plaintiff may intend to allege that he has been denied access to necessary legal materials, at least
3  in part, in retaliation for the filing of this action.  Plaintiff seeks to enjoin defendant Robin, as well as
4  the employees under her supervision, from discriminating against him and from interfering with his
5  ability to access law library materials.  Plaintiff argues in his motion that he will suffer irreparable
6  harm to his right of access to the courts if he is not granted the requested relief.  He also asserts that
7  he is likely to prevail on the merits of his lawsuit because the right of access to the courts is well
8  established.
9           In general, injunctive relief is "to be used sparingly and only in a clear and plain case."  *See*
10 *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)(internal quotation omitted).  A party seeking a preliminary
11 injunction must fulfill one of two standards, the "traditional" or the "alternative."  *Cassim v. Bowen*,
12 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

17 *Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).
18          The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'"
19 *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d
20 701, 704 (9th Cir. 1988)).  To obtain injunctive relief under either standard, the moving party must
21 demonstrate exposure to irreparable harm absent the requested judicial intervention.  *Caribbean*
22 *Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).  Speculative injury does not
23 constitute irreparable injury sufficient to warrant granting preliminary relief.  *Id*.  Rather, "a plaintiff
24 must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Id*.
25 (emphasis in original).
26

REPORT AND RECOMMENDATION
PAGE - 2

1    Defendant argues in her response to plaintiff's motion that plaintiff has not met the standard
2 for obtaining preliminary injunctive relief.  (*See* Dkt. No. 19.)  Specifically, defendant argues that
3 plaintiff is not entitled to injunctive relief because the relief he seeks in the instant motion is not of
4 the same character as the relief he seeks in his complaint, and because plaintiff is not likely to prevail
5 on the merits of his underlying claim.

6    Defendant correctly notes that the claims set forth by plaintiff in his motion for preliminary
7 injunctive relief and the claim set forth by plaintiff in his amended complaint are not of the same
8 character.  Plaintiff's motion for preliminary injunctive relief sets forth a Fourteenth Amendment
9 access to courts claim while his amended complaint sets forth an Eighth Amendment failure to
10 protect claim.  However, despite the fact that the claims are fundamentally different in nature, the
11 claims are arguably related to the extent that any denial of access to legal materials might actually be
12 interfering with plaintiff's ability to litigate his underlying claim.

13    Nonetheless, plaintiff's motion should be denied because he has failed to show irreparable
14 injury.  A review of the numerous documents thus far filed by plaintiff in this action belie any claim
15 that he is being denied adequate access to legal materials for purposes of litigating this action.
16 Plaintiff thus makes no showing that he has suffered an actual injury to his right of access.  This
17 Court must therefore conclude that plaintiff will not suffer any irreparable harm absent the requested
18 judicial intervention.  Accordingly, plaintiff is not entitled to the preliminary injunctive relief he
19 seeks.

## CONCLUSION

21    For the reasons set forth above, this Court recommends that plaintiff's motion for preliminary
22 injunctive relief be denied.  A proposed order accompanies this Report and Recommendation.

23    DATED this 12th day of August, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge