UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. C05-0280-JLR |
| ) | |
| v. ) | |
| ) | |
| JODI ROBIN, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendant. ) | |
| _____) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner who is currently incarcerated at the Washington State Reformatory ("WSR") at the Monroe Correctional Complex ("MCC"). Plaintiff has filed a civil rights action under 42 U.S.C. § 1983 seeking monetary and declaratory relief for alleged violations of his constitutional rights. Plaintiff alleges in his amended civil rights complaint that defendant Jodi Robin, law librarian at WSR, violated his federal constitutional rights when she failed to protect him from an assault by another inmate. This matter is now before the Court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a

REPORT AND RECOMMENDATION
PAGE - 1

1  motion in opposition to defendant's motion to dismiss.[1]  For the reasons set forth below, this Court

2  recommends defendant's motion to dismiss be granted and that this action be dismissed with

3  prejudice.

## FACTS

5  On the morning of January 24, 2005, plaintiff went to the WSR law library to prepare an

6  affidavit of service for the court and to obtain some photocopies.  (Dkt. No. 13, Statement in Support

7  of Amended Complaint at 1.)  Plaintiff was in the typing room working on his affidavit of service

8  when another inmate, Inmate Nielsen, came into the typing room.  (*Id*.)  Plaintiff asserts that Inmate

9  Nielsen looked at him, and then turned and slammed the door as he left the room.  (*Id*., at 1-2.)

10 Plaintiff got up, opened the door, and then engaged in a verbal exchange with Inmate Nielsen.  (*Id*.,

11 at 2.)  According to plaintiff, Inmate Nielsen thereafter returned to the library counter where he had

12 been talking with an inmate employee prior to his interaction with plaintiff.  (*Id*., at 1-2.)  Plaintiff

13 asserts that he was called to the library counter a short time later by an inmate employee who advised

14 plaintiff that defendant Robin wanted information regarding plaintiff's copy request.  (*Id*., at 2.)

15 Plaintiff further asserts that while at the counter, Inmate Nielsen attacked him and then repeatedly

16 punched and kicked him.  (*Id*., at 2-3.)  Help was summoned by defendant Robin, and plaintiff was

17 taken to the WSR medical ward.  (*See Id*., at 3 and Ex. B.)

## DISCUSSION

19 An action may be dismissed for failure to state a claim only if it appears beyond doubt that

20 the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

21 *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).

22 On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint

---

[1] Plaintiff's motion in opposition is properly construed as a response to defendant's motion to dismiss. Plaintiff's motion in opposition (Dkt. No. 23) is therefore STRICKEN from the Court's calendar.

REPORT AND RECOMMENDATION
PAGE - 2

1 is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. "Vague and
2 conclusory allegations of official participation in civil rights violations are not sufficient to withstand
3 a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of
4 Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack
5 of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory."
6 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

7 In order to set forth a *prima facie* case under § 1983, a plaintiff must establish a deprivation
8 of a federally protected right. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The particular harm
9 complained of must be scrutinized in light of specifically enumerated rights. *Id*. That a plaintiff may
10 have suffered harm, even if due to another's negligent conduct, does not itself demonstrate a
11 violation of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

12 Plaintiff alleges in his amended civil rights complaint that defendant Robin failed to protect
13 him from the assault by Inmate Nielsen. Defendant Robin argues in her motion to dismiss that
14 plaintiff's claims do not rise to the level of a constitutional violation. The Court concurs that the facts
15 alleged by plaintiff in this action do not support a constitutional claim.

16 The Eighth Amendment imposes a duty upon prison officials to take reasonable measures to
17 guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to establish
18 an Eighth Amendment violation, a prisoner must show that prison officials knew of and disregarded
19 a substantial risk of serious harm to his health or safety. *Id*., at 837. "[T]he official must both be
20 aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,
21 and he must also draw the inference." *Id*.

22 The allegations set forth by plaintiff in his amended complaint, and the documents submitted
23 by plaintiff in support of his complaint, establish, at most, that plaintiff was assaulted in the WSR
24 library by Inmate Nielsen on January 24, 2005, and that defendant Robin was the staff member on

25
26 REPORT AND RECOMMENDATION
PAGE - 3

1   duty in the library at the time of the assault.  Plaintiff does not allege any facts demonstrating that

2   defendant Robin knew that Inmate Nielsen posed a substantial risk to plaintiff's health or safety.

3   Moreover, such knowledge cannot be imputed to defendant Robin merely because she was the staff

4   member on duty in the WSR law library at the time of the assault.  In the absence of specific facts

5   demonstrating that defendant Robin knew, or should have known, that Inmate Nielsen posed a threat

6   to plaintiff, and that she then disregarded that threat, this Court must conclude that plaintiff has not

7   adequately alleged a cause of action under the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendant Robin's motion to dismiss be granted and that plaintiff's first amended complaint, and this action, be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of September, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4